IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMAX ELECTRONICS LTD., | |
| Plaintiff, | No. C 05-01681 JSW |
| v. | **ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING AS MOOT MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION TO TRANSFER** |
| F&G RESEARCH, INC., | |
| Defendant. | |
| / | |

## INTRODUCTION

This matter comes before the Court upon consideration of the motion to dismiss for lack of personal jurisdiction filed by Defendant F&G Research, Inc. ("F&G"). Also before the Court are F&G's motion to dismiss for lack of subject matter jurisdiction and motion to transfer. In light of the Court's ruling on the motion to dismiss for lack of personal jurisdiction, those motions are DENIED AS MOOT.

On July 15, 2005, the Court heard oral argument on each of the pending motions, granted Plaintiff Primax Electronic Ltd.'s ("Primax") request for discovery on the issue of personal jurisdiction, and ordered supplemental briefing on that issue. The parties' supplemental briefing now is complete, and the Court concludes that no further oral argument is necessary as to that motion.[1] *See* N.D. Civ. L.R. 7-1(b).

---

[1] Primax contends that F&G's responses to its jurisdictional interrogatories are insufficient and evasive. Primax, when it did not receive timely responses to interrogatories, made no effort to seek relief from the Court. Nor did Primax follow this Court's procedures

Having considered the parties' pleadings, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court GRANTS the motion to dismiss for lack of personal jurisdiction.

## FACTUAL AND PROCEDURAL HISTORY

Primax is a Taiwanese corporation, with a principal place of business in Taiwan. Although Primax is not a California corporation, it has a wholly-owned subsidiary, Polaris Electronics, Inc. in Pleasanton, California, and it does business with a number of companies located in California, including companies within the Northern District. (*See* Declaration of Brian Yang, ¶¶ 2-3).[2] Primax's customers within the United States are original equipment manufacturers ("OEMs"). (*Id.*, ¶ 5.) These OEMs use Primax products but sell them under their own brand names. (*Id.*)

F&G is a Florida corporation. It is undisputed that F&G has no offices, telephone numbers, assets, employees or property in California, and that F&G's sole business is licensing the patents in suit.

On or about February 14, 2005, through its counsel in Florida, F&G sent a letter to Primax in Taiwan that states that Primax is "offering for sale and selling a scrolling mouse which may require a license under F&G's patent(s)." (Complaint, Ex. A.) The letter further states that "[w]e would appreciate it if you consider this an invitation to license F&G's patents at our standard, one-time, fully paid upon, non-refundable license ... An indication of no interest will be interpreted by our client that you wish to continue potentially infringing activities which may subject your company to liability for patent infringement. We therefore urge you to contact the undersigned immediately with your comments or cease and desist from further sales of the products in question and account to F&G for past sales." (*Id.*)

---

relating to discovery disputes when it received the allegedly untimely and incomplete responses to the interrogatories, which would have been the appropriate means by which to raise the issue of sanctions to the Court. Moreover, for the reasons set forth herein, the court concludes that more complete responses to the interrogatories posed would not alter the analysis. Accordingly, the Court DENIES the request for sanctions.

[2] Attached as Exhibit A to Primax's initial opposition to the motion to dismiss.

2

F&G has also engaged in similar conduct with other companies in California, including Logitech, Hewlett-Packard, and Kye International.[3] (*See, e.g.,* Declaration of Debra Nye in Support of Plaintiff's Supplemental Brief Regarding Personal Jurisdiction ("Nye Decl."), Exs. A (Response to Interrogatory No. 2), D (Cease and Desist Letters); Supplemental Declaration of Debra Nye ("Nye Supp. Decl."), Ex. A.)  The terms and conditions of those licenses have not been made a part of the record.

On April 22, 2005, Primax initiated this declaratory relief action against F&G.

## ANALYSIS

**A.   Motion to Dismiss for Lack of Personal Jurisdiction**

**1.   Primax bears the burden of establishing that the Court has jurisdiction over F&G.**

A defendant may move for dismissal for lack of personal jurisdiction prior to trial.  Fed. R. Civ. P. 12(b)(2).  A court can decide the motion on the basis of affidavits and declarations submitted in response to the motion, or it can hold an evidentiary hearing.  *See Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).[4]  Regardless of the procedure a court chooses, a plaintiff bears the burden of establishing a court's jurisdiction over a defendant.

If a court determines that it will resolve a motion to dismiss for lack of personal jurisdiction "based on affidavits and other written materials in the absence of an evidentiary

---

[3] Primax also points to a number of lawsuits that F&G initiated, which are or were pending in this district and in other district courts in California.  Most of those cases initially were filed by F&G in Florida and subsequently were transferred here upon motion of the defendants in those cases.  Primax contends that F&G litigated these cases without contesting personal jurisdiction.  However, that fact is irrelevant because in ruling on a motion to transfer, the transferring court would have to consider whether F&G could have initiated the suit in the transferee court.  Thus, it would be important to know whether the *defendants* in those cases were subject to the jurisdiction of the transferee court, rather than whether F&G, *as the plaintiff,* would be subject to the transferee court's jurisdiction.  *See* 28 U.S.C. § 1404(a).

Further, although Hewlett-Packard Company filed a similar declaratory relief action in this district against F&G, that case was apparently settled before F&G was required to respond to the complaint.  Thus, that case also has no bearing on the question of whether F&G has subjected itself to the jurisdiction of the Court.

[4] Primax's declaratory relief action is based on F&G's assertion that Primax has infringed upon its patents.  As such, Federal Circuit law applies.  *See Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003).

3

hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Electronics for Imaging*, 340 F.3d at 1349. In that situation, a court must take uncontroverted allegations in a complaint as true and resolve factual conflicts in a plaintiff's favor. *Id.*; *see also Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995).

### 2. F&G must have certain minimum contacts with the forum state.

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1376-1377 (Fed. Cir. 1998); *see also Akro*, 45 F.3d 1541. California's long arm statute is co-extensive with federal due process requirements and, thus, the jurisdictional analyses under California law and federal due process are the same. *3D Systems*, 160 F.3d at 1377. This Court must determine whether F&G has "minimum contacts" with this forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The concept of minium contacts encompasses two types of jurisdiction: general and specific. Primax relies solely on the latter to establish jurisdiction over F&G.[5] Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully directed his or her activities at residents of the forum state or the forum state itself; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *See 3D Systems*, 160 F.3d at 1378.

With respect to the first prong of this test,

> [i]n general, there must be "some act" by which defendants "purposefully avail[]" themselves of the "privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." ... The contacts made by defendants must therefore by their actions create a "substantial connection" to the forum state – where defendants have deliberately "engaged in significant activities within a State" or have "created 'continuing obligations' between [themselves] and residents of the

---

[5] Even if Primax contended that F&G was subject to the general jurisdiction, the Court's concludes that the licensing activities described do not rise to the level of "continuous and systematic contacts" with the forum.

4

> forum – and "proximately result from the actions by the defendant[s] themselves," such that it is it is "presumptively not unreasonable to require [defendants] to submit to the burden of litigation in that forum as well."

*Electronics for Imaging*, 340 F.3d at 1350 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)).

### 3. Primax has not met its burden to show the Court has jurisdiction over F&G.

The Federal Circuit has held that sending cease and desist letters which threaten infringement litigation, without more, does not confer personal jurisdiction over a non-resident defendant. *See Silent Drive*, 326 F.3d at 1202, 1206. Therefore, in order to meet its burden to show jurisdiction exists, Primax must make a *prima facie* showing that F&G did more than send a letter to Primax that threatened infringement.

Primax argues it has met its burden by relying on the fact that F&G has engaged in similar conduct with California companies and has entered into license agreements with those companies. Primax relies heavily on the Federal Circuit's decision in *Akro*, *supra*, in support of this argument. In *Akro*, however, in addition to sending a cease and desist letter to the plaintiff, the defendant entered into an exclusive license with one of plaintiff's competitors, also a resident of the forum, and the terms of the agreement created continuing obligations between the defendant and its licensee. *Id.* at 1546.

Primax also relies on *Deprynyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343 (Fed. Cir. 2002). (*See* Docket No. 37, List of Additional Authorities.) In the *Deprynyl* case, however, the defendant entered into a license agreement with the plaintiff, a forum resident. As in *Akro*, the terms of the license agreement created a continuing obligation between the defendant and a forum resident.

The Court also finds the facts in this case to be distinguishable from the facts supporting jurisdiction in *Electronics For Imaging*. In that case, the additional activities that the Federal Circuit found supported a finding of purposeful direction also were directed at the plaintiff itself, rather than other forum residents. For example, the defendants entered into a non-disclosure agreement with the plaintiff, which was governed by the forum state law and created continuing

5

obligations to the plaintiff in the forum after it had expired, and defendants repeatedly visited plaintiff's facilities in the forum to demonstrate the technology underlying the patents-in-suit. In addition, the defendants hired counsel within the forum state to prosecute the patents-in-suit. *See Electronics For Imaging*, 340 F.3d at 1351; *see also Inamed Corporation v. Kuzmak*, 249 F.3d 1356 (Fed. Cir. 2001) (finding personal jurisdiction where non-resident defendant had negotiated and entered into license agreements relating to patents-in-suit with the *plaintiff*).

In this case, by contrast, the licenses on which Primax relies are with other California companies, rather than with it. Moreover, the terms and conditions of those licenses are not before the Court. As such, there is no evidence in the record to suggest that F&G has created continuing obligations with residents of this forum.

The Court also concludes that Primax has not demonstrated that this action arises out of F&G's licensing activities with other forum companies. While there is no doubt that the declaratory relief action arose because of F&G's threat of infringement, and although Primax contends that it has received requests for indemnification from its customers with whom F&G has entered into licenses, Primax's complaint cannot be read to suggest that this action arose from F&G's licensing activities with Primax customers, rather than from the direct threat of infringement F&G made to Primax. To the extent Primax is asserting that the Court could find that F&G's activities satisfy the "effects" test set forth in *Calder v. Jones*, 465 U.S. 783 (1984), the Court disagrees.

Under that test, a court can exercise jurisdiction over a non-resident defendant who has committed an intentional act, the act is expressly aimed at the forum state, and the act causes harm that the defendant knows is likely to be suffered in the forum state. *See, e.g., Silent Drive*, 326 F.3d at 1204-05. In *Calder*, the Supreme Court emphasized that the "effects" of the defendants acts, out of which the litigation arose, were designed to harm the *plaintiff*, who was a resident of the forum state. The Court finds that Primax has not demonstrated that, to the extent F&G has been seeking licenses from California companies, it knew or intended that these acts would cause harm to *Primax*, a Taiwanese company, in California. *See Calder*, 465 U.S. at 788 ("Here, the plaintiff is the focus of the activities of the defendants out of which the suit arises."); *id.* at 789

("California is the focus point both of the story and of the harm suffered."). The Court does not read *Calder* so broadly as to permit the exercise of jurisdiction over a non-resident defendant without a showing that the defendant engaged in acts that were intentionally designed to cause harm to a particular plaintiff in the forum state. Accordingly, the Court concludes Primax has not set forth a *prima facie* showing of personal jurisdiction.

## CONCLUSION

For the reasons set forth above, F&G's motion to dismiss for lack of personal jurisdiction is GRANTED. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: September 26, 2005

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE